[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 13, 2006
THOMAS K. KAHN
CLERK

No. 04-12918

D. C. Docket No. 03-00009 CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BERTUCCI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 13, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and FAY, Circuit Judges.

PER CURIAM:

Anthony Bertucci ("Defendant") was convicted of conspiracy to possess

with intent to distribute 100 kg or less of marijuana. Defendant attacks his

conviction on two grounds. First, Defendant argues the district court erred by denying his motion to suppress evidence seized from his residence. Because this evidence was obtained pursuant to a search warrant supported by recent evidence of trash pulls and an indictment that corroborated older information that Defendant was distributing drugs from his house, the evidence was properly admitted. Second, Defendant argues he is entitled to a new trial, because the evidence at trial established multiple conspiracies, not the single conspiracy indicted. Assuming that the evidence did establish multiple conspiracies, Defendant would still not be entitled to reversal of his conviction, because he has not shown substantial prejudice. See U.S. v. Coy, 19 F.3d 629, 633 (11th Cir. 1994). Third, Defendant challenges his sentence, arguing the district court committed reversible constitutional error under United States v. Booker, 125 S.Ct. 738 (2005). The government concedes this error. And we accept that there is harmful error. We affirm Defendant's conviction, but vacate the sentence and remand for resentencing.

AFFIRMED in part, VACATED in part, and REMANDED.